Yolanda M. NAUCK, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 35609.

United States Court of Appeals,
Second Circuit.

Argued Jan. 15, 1973.

Decided March 5, 1973.

---

Edward L. Dubroff, Brooklyn, N. Y. (Thomas T. Hecht, New York City, on the brief), for petitioner.

Stanley H. Wallenstein, Sp. Asst. U. S. Atty., New York City (Whitney North Seymour, Jr., U. S. Atty., New York City, and Joseph P. Marro, Sp. Asst. U. S. Atty., New York City, on the brief), for respondent.

Before FRIENDLY, Chief Judge, OAKES and TIMBERS, Circuit Judges.

PER CURIAM:

This petition for review raises the issue whether the recipient of full and legally-prescribed notice of a proposed change in visa status, after being informed of the nature and implication of the change and after waiving by silence the various options available, can overturn the findings of an INS Special Inquiry Officer and the Board of Immigration Appeals that she knowingly abandoned the desired status. We deny the petition for review of an order of the Board of Immigration Appeals finding petitioner deportable.

Petitioner, a native and citizen of Brazil, entered the United States on July 1, 1963 under a permanent resident visa. In October 1964, she became employed by Lloyd Brasileiro, an agency of the Brazilian government. Upon the commencement of that employment, the Brazilian Embassy notified the Secretary of State, who in turn notified the INS, of petitioner's entitlement to a foreign government employee status, under 8 U.S.C. § 1101(a)(15)(A)(ii) (1970). As a result, the INS on June 28, 1966 informed petitioner that it proposed to adjust her status from permanent resident to nonimmigrant employee of a foreign government in accordance with 8 U.S.C. § 1257 (1970). Included in the notice was information regarding such options as the right within ten days to file an answer or to request a hearing (at which representation by counsel would be permitted), as well as the further right to retain her permanent resident status by signing a waiver of all rights, privileges, exemptions, and immunities resulting from her employment with a foreign government agency. Copies of the waiver form were attached to the notice.

Upon petitioner's failure to respond, the INS notified her on September 13, 1966 that her status had been changed to a nonimmigrant employee of a foreign government.[1] Soon afterwards, petitioner was sent an identification card reflecting her new status.

On March 13, 1968, petitioner returned from a three month visit to relatives in Brazil, and was admitted as a nonimmigrant employee of a foreign government. Five days later her employment with Lloyd Brasileiro was terminated. Petitioner nevertheless re-

---

1. Except for petitioner's visit to the INS office on that date, see note 2, *infra*, no inquiries or protests concerning this change were made either before or after its effective date until June 14, 1967, when Lloyd Brasileiro wrote the District Director of the INS requesting a reinstatement of petitioner's permanent resident status. The INS file on petitioner's case indicates that it followed up Lloyd Brasileiro's letter with a phone call on February 28, 1968. At that time, however, petitioner was on a lengthy visit to Brazil, and the INS was therefore informed that no reply to the letter would be necessary. On February 19, 1969, petitioner's former attorney wrote the INS indicating petitioner's "desire to resume her status as a permanent resident."

mained in the United States. This development eventually came to the attention of the INS and on September 15, 1969 it issued a show cause order and a notice of hearing regarding the alleged deportability of petitioner under 8 U.S.C. § 1251(a)(2) (1970). A hearing was held before a Special Inquiry Officer, the result of which was a finding that petitioner was deportable, with an allowance of voluntary departure within ninety days in lieu of an order of deportation. That decision was appealed to the Board of Immigration Appeals. The Board dismissed the appeal, but petitioner was again allowed voluntary departure within thirty days of the order. This petition for review followed.

Petitioner's challenge to the order is based on her claim that, because she did not truly comprehend the nature of the proposed change in status, she could not have knowingly abandoned her permanent resident status. In Moser v. United States, 341 U.S. 41 (1951), the Court overturned an order debarring from United States citizenship a native of Switzerland who had claimed exemption from United States military service, on the view that the alien did not have "an opportunity to make an intelligent election between the diametrically opposed courses" available to him. Unlike *Moser*, however, this case does not present a situation of an alien being misled as to the implications of his acts, nor is it a case requiring a particular inference to be drawn from an ambiguous overt act of an alien. Cf. Afroyim v. Rusk, 387 U.S. 253 (1967) (naturalized citizen voting in foreign election); Gastelum-Quinones v. Kennedy, 374 U.S. 469 (1963) (permanent resident attended meetings of, and paid dues to, Communist Party). Here, conversely, the record convincingly shows that petitioner was given full and adequate notice of the impending change in status, that she visited the INS for the first time following receipt of the notice that the change had been effected,[2] and that the failure to take timely action as outlined in the initial notice was either wilful or grossly negligent. We note, moreover, that under § 247 of the Act, 8 U.S.C. § 1257, the INS is without discretion in a case of this sort—an alien who, upon receipt of the proper notice under 8 C.F.R. § 247 (1972),[3] fails to exercise any of the available courses of action, is in all cases to be adjusted to nonimmigrant status.

The record here clearly indicates that petitioner was given the opportunity to make a factual showing that she had not knowingly abandoned her permanent resident status. Both the Special Inquiry Officer and the Board of Immigration Appeals expressly and emphatically rejected that contention. We hold that conclusion to have been "supported by reasonable, substantial, and probative evidence on the record considered as a whole", 8 U.S.C. § 1105a(a)(4) (1970), and accordingly dismiss the petition for review.

2. Petitioner's testimony at the hearing before the Special Inquiry Officer disclosed that at this visit to the INS petitioner and an officer of the Service had a conversation during which, according to petitioner, the officer "asked me whether I was going to change my visa and asked me to give him my green card [indicating permanent resident status] and I told him that I had lost it." When asked whether she had said anything regarding her desire to retain her "A", or permanent resident, status, petitioner replied, "I don't remember what the conversation was about."

3. As in the two prior fora, no contention is made here that the notice to petitioner at each stage was anything but in full compliance with the statutory requirements.